**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| WANDA BARNES, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:07-CV-110 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

### REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the Commissioner erred in failing to review additional evidence submitted by Claimant?**

II. **Whether the ALJ erred in evaluating Claimant's physical impairments?**

III. **Whether the ALJ erred in evaluating Claimant's subjective allegations of pain?**

IV. **Whether the ALJ erred in determining that Claimant's impairments did not meet the relevant listing?**

V. **Whether the ALJ erred in discounting the opinion of Claimant's treating physician?**

## Administrative Proceedings

Claimant filed for disability benefits on January 20, 2004. (T-71). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on May 26, 2006. (T-222-250). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated November 6, 2006. (T-14-19). Claimant then requested a review of the ALJ's findings by the Appeals Council and submitted new evidence for review. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to depression, anxiety, joint pain, migraines, allergies, addiction, anemia, heavy periods, battered wife syndrome, back injury and drug overdose. (T-71). After examining the medical records, the ALJ determined that Claimant had an anxiety disorder, depressive disorder, and alcohol and polysubstance abuse in remission, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-16). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform "work not requiring more than a fair ability to work with co-workers and the public and she should have a low-stress job." (T-16). The ALJ then utilized the testimony of a vocational expert to determine whether there were jobs existing in significant numbers in the national economy that she could perform. Following his determination that such jobs did exist, the ALJ then

found that Claimant was not disabled. (T-19).

## DISCUSSION

**I.   Did the Commissioner err in failing to review additional evidence submitted by the Claimant?**

In her brief, Claimant alleges both that the Appeals Council and the ALJ erred in not reviewing additional evidence submitted by her post-hearing. (R-12, p. 11). She contends that the evidence, which consisted of medical records from her treating physician regarding her mental impairments, was submitted to the ALJ after the hearing, but was not reviewed by either the ALJ or the Appeals Council. *Id.*

The Eleventh Circuit has held that to succeed on a claim based on newly submitted evidence, a Claimant must show that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001) citing *Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir. 1986). To be considered "material" for the purposes of remand in this type of case, the new information provided by a claimant must evidence that a "reasonable probability exists that it would change the administrative result...". 42 U.S.C. § 405(g).

In this case, Claimant contends that on the date of her hearing, May 24, 2006, the ALJ agreed to keep the record open to receive records from her mental health treatment at the local mental health center. (R-12, p. 12). She contends that the records, which were

5

ultimately obtained and submitted to the ALJ on August 17, 2006,and consisted of two mental health appointments which occurred after the date of the hearing on June 23, 2006, and August 11, 2006, were not considered by him even though his decision was not rendered until November 6, 2006. *Id.* As the Commissioner states in his brief, however, the ALJ noted in his decision that although he left the record open for 60 days following the hearing for submission of additional evidence, no records were submitted to him within that time. (T-18). The transcript of the hearing shows that the record was being kept open for the submission of records from an upcoming mental health appointment with a new psychiatrist on June 23, 2006. (T-225).

Regarding her contention that the Appeals Council and ALJ erred in not reviewing the newly submitted evidence, pursuant to the holding in *Vega,* it must be determined if the evidence was new and noncumulative, whether the evidence is material, and whether there was good cause for failing to submit the evidence at the administrative level. *Vega,* 265 F.3d at 1219. The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970.

The record reveals that the Appeals Council considered the new evidence but found that the newly submitted evidence did not warrant a change of the ALJ's decision. (T-4,5). Claimant alleges that the reports support the opinion given by the Doctor. Specifically, she claims that the treatment notes were the type of evidence which would require remand. (R-

12, p. 12).  A review of the ALJ's decision, however, reflects that Claimant's mental impairments, specifically, her depression, had already been factored in as a severe impairment.  The additional evidence which Claimant submits does not form a legally sufficient basis for remand.  While the newly submitted evidence relates back to the relevant period of disability, it could not have reasonably been expected to change the administrative result.  Therefore, no error is found in the ALJ's failure to review the newly submitted evidence or the Appeals' Council's decision not to review the ALJ's decision based on the newly submitted evidence.

## II.     Whether the ALJ erred in evaluating Claimant's physical impairments?

Claimant next contends that the ALJ committed reversible error where he failed to fully develop the record as to her physical impairments.  (R-12, p. 15). Specifically, she claims that the ALJ was required to order an evaluation of her physical complaints by a rheumatologist to determine if she had fibromyalgia and to determine the extent of the impairment.  *Id.*

The Eleventh Circuit has held that the fundamental obligation to develop a complete and fair record may involve requiring a consultative examination of the claimant. *Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir.1986); *See Reeves v. Heckler,* 734 F.2d 519, 521-522 (11th Cir.1984).  "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith* at 1551; 20 C.F.R. § 404.1517 (2000).  Therefore, an ALJ has committed reversible error where he chooses not to order a consultative

examination when such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n. 1.  Although, ultimately, the onus is on the Claimant to provide to the Commissioner the medical evidence to support his impairment allegations, the ALJ must still follow the standards as set forth in the code, the rules and the regulations. *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).

After a thorough review of the evidence in this case, it appears that the ALJ's determination that the Claimant could perform the demands of some work is supported by the record as a whole and shows that the need for a consultative physical evaluation was not warranted.  The ALJ has no duty to investigate further unless the existing record evidences a reasonable suspicion of a **potentially disabling impairment that has not been fully evaluated**. *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1985) (emphasis added).

The medical evidence of record here fails to reveal that Claimant had any physical impairments that affected her ability to work any more significantly than what the ALJ found.  The ALJ discussed the physical impairments as alleged by Claimant and reported in her medical records and determined that Claimant was not as physically limited as she claimed. (T-18).  Although Claimant requested a physical consultative examination for further evaluation of Claimant's claim of a possible diagnosis of fibromyalgia, the ALJ apparently felt he had adequate evidence to support his findings based on the medical record, the Claimant's testimony and the testimony of the vocational expert.  In light of the foregoing, under the present circumstances, the ALJ was not required to order a consultative

examination of the Claimant. As such, no error is found in the ALJ's failure to order a physical examination of Claimant by a rheumatologist in this case.

### III.   Whether the ALJ erred in evaluating Claimant's subjective allegations of pain?

Claimant also contends that the ALJ erred in discounting her complaints of pain. (R-12, p. 15). She alleges, in particular, that the ALJ improperly determined that she had "random complaints of various physical ailments", improperly relied on her statements regarding daily activities and failed to properly apply the pain standard as found in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the

>     intensity and persistence of your pain or other symptoms which
>     may reasonably be accepted as consistent with the medical signs
>     and laboratory findings), would lead to a conclusion that you are
>     disabled.

In his Findings, the ALJ discussed Claimant's medical records and work history with regard to the Claimant's allegations of the severity, i.e. the "intensity, persistence and limiting effects" of her pain. (T-18). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and her functional limitations to find that her allegations of pain were generally credible, but that the medical evidence of record did not support the severity alleged. *Id*.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*,

10

921 F.2d 1221, 1223 (11th Cir. 1991).

>The Eleventh Circuit has also held that:
>
>>[W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Applying the *Holt* test to Claimant's pain allegations, the Court concludes that Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of er pain or that her medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

**IV.     Whether the ALJ erred in determining that Claimant's impairments did not meet the relevant listing?**

Claimant next contends that where the agency examiner found her to "have conditions in the following Listing Categories: 12.04 Affective Disorders, 12.06 Anxiety- related Disorders, 12.08 Personality Disorders, and 12.09 Substance Addiction Disorders", and where the medical evidence supports the disabling effects of those listings, the ALJ erred in

determining that her impairments did not meet said Listings.  (R-12, p. 19, 20).  Claimant further alleges that the ALJ erred in failing to evaluate her impairments in combination.  *Id.*

The Eleventh Circuit has repeatedly held that the Commissioner is required to consider all impairments and their effects when determining disability claims. *See, Davis v. Shalala* 985 F.2d 528, (11th Cir. 1993); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).  The Regulations state that if, at step two of the five step process of determining disability, it is found that a medically severe combination of impairments exists, the combined impact of the impairments will be considered throughout the disability determination process.  *See* 20 C.F.R. § 416.923.  Pursuant to 20 C.F.R. § 416.923, an ALJ is then required to consider each of the impairments in combination to determine their impact on the Claimant at all later stages in his determination.

In this case, the ALJ found that the Claimant had impairments which are considered severe for purposes of 20 C.F.R. § 404.1520(b).  Based on his review of the medical record, the ALJ then determined, pursuant to the second criteria under mental impairment Listings 12.04, 12.06, and 12.08, as found in 20 C.F.R. § 416.920 (c), that Claimant did not have any marked limitations in the areas of daily living, concentration, persistence and pace, or maintaining social functioning.  (T-16).

Furthermore, there is no requirement that he discuss the impairments ad nauseam in combination, merely that he consider them.  The Eleventh Circuit has held that an ALJ's statement that he considered the combined effects of the Claimant's impairments was enough to prove that he did, in fact, do so.  *Wheeler v. Heckler*, 784 F.2d 1073, 1077 (11th Cir. 1986);

*Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). Accordingly, the court finds that the ALJ applied the appropriate legal standard in determining whether Claimant's impairments met the relevant listings, and his decision is supported by substantial evidence.

## V. Whether the ALJ erred in discounting the opinion of Claimant's treating physician?

Lastly, Claimant contends that the ALJ erred in disregarding evidence from her treating physicians. (R-12, p. 22). She alleges that the ALJ primarily relied on consultative evaluations and failed to provide adequate reasons for failing to give evidence from her treating physicians their appropriate weight. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion."

S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon; the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. 404.1527(a); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. §416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

Claimant argues that the ALJ's statement that he gave her physician's opinions

14

substantial weight is merely a conclusory statement which is not supported in his decision. (R-12, p. 23). The record, however, reveals that the ALJ discussed Claimant's medical records, noting that her record was void of any consistent medical treatment. (T-16). That does seem to be the case. The ALJ found that Claimant's medical record, her activities of daily living, and the findings of the consultative examiners, established that she could still perform some work. The court finds no merit to Claimant's allegation that the ALJ improperly disregarded the opinions of her treating physicians.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 3rd day of October, 2008.

S/ G. MALLON FAIRCLOTH
eSw                           UNITED STATES MAGISTRATE JUDGE